## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>-vs-<br><br>MOBILITY CONSULTING & CONTRACTING, INC., IP REALTY LLC, THOSE CERTAIN UNDERWRITERS AT LLOYD'S LONDON,<br><br>Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Atain Specialty Insurance Company (hereinafter "Atain"), by way of Complaint against the defendants, says:

### PARTIES

1.     At all times hereinafter mentioned, Atain is now and was at the commencement of this action incorporated in the State of Michigan with its principal place of business located at 220 Kaufman Financial Center, 30833 Northwestern Highway, City of Farmington Hills, State of Michigan, and is a citizen of the State of Michigan.

2.     At all times hereinafter mentioned, defendant, Mobility Consulting & Contracting, Co., Inc., is a New Jersey Corporation with its principal place of business located at 149 Jenna Court, Town of Lakewood, State of New Jersey, and is a citizen of New Jersey.

1

3.     At all times hereinafter mentioned, defendant, IP Realty LLC, is a New Jersey Limited Liability Company with its principal place of business located at 227 Clinton Ave., City of Jersey City, State of New Jersey, and is a citizen of New Jersey.

4.     At all times hereinafter mentioned, defendant, Those Certain Underwriter's at Lloyd's London is a part of an unincorporated foreign insurance market organized under the laws of the United Kingdom  and which maintain their principle place of business in London, England.

## **JURISDICTION**

5.     The United States District Court has original jurisdiction over the subject matter of said civil action under 28 U.S.C. § 1332(a) in that this is an action where the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs and there is complete diversity of citizenship between the plaintiff and the defendants.

6.     This is an action brought pursuant to the Declaratory Judgment Act 28 U.S.C. § 2201 et seq., and there is an actual case and controversy between the parties requiring adjudication by the Court.

7.     Venue is proper within this jurisdiction pursuant to 28 U.S.C. §1391(a) because, upon information and belief, one on more of each of the defendants reside or is incorporated and has its principal place of business in this judicial district.

2

## THE UNDERLYING LITIGATION MATTERS

### A.    Litigation Matter

8.    A Complaint was filed in the matter of Those Certain Underwriters At Lloyd's London Subscribing To Policy Number ATCRXXXX A/S/O IP Realty, LLC. v. Mobility Consulting & Contracting; ABC Companies 1-5, and John Does 1-5; Docket number HUD-L-1646-16, which was filed in the New Jersey Superior Court, Hudson County. (hereinafter the "Litigation Matter").

9.    It is alleged in the Litigation Matter that Defendant Mobility Consulting & Contracting, Inc., (hereinafter "Mobility") was the general contractor and construction manager in connection with remodeling work taking place at the premises of 227 Clinton Ave., Jersey City, New Jersey, (hereinafter the "Project"), which was owned by Defendant IP Realty, LLC.

10.    It is further alleged that Defendant Mobility had a contractual and common law duty to provide a safe work environment and to provide inspection of the work site and subcontractors to ensure fire safety.

11.    It is further alleged that Defendant Mobility was negligent in fulfilling its obligations as general contractor and construction manager which negligence resulted in a fire of May 7, 2014 which caused extensive damages to the Project in excess of $650,000.

{01182600}

12.     It is further alleged that Defendant Mobility's operations at the Project constituted an ultra-hazardous activity in that it involved handling and storage of flammable materials rendering Defendant Mobility strictly liable for all damages caused by the May 7, 2014 fire.

13.     Defendant Those Certain Underwriter's at Lloyd's London (hereinafter "Lloyd's) issued a property & Liability insurance policy number ATCRXXXX to Defendant IP Realty LLC.

14.     Defendant Lloyd's alleges in the Litigation Matter that it has made payment to its insured, the Defendant IP Realty LLC., for the fire damage that occurred at the Project, and is now subrogated to IP Realty LLC's rights to recover its payments from those allegedly at fault for causing the fire including but not limited to the Defendant Mobility.

15.     Defendant Lloyd's seeks judgment in the Litigation Matter against Defendant Mobility in an amount in excess of $650,000, for the payment Lloyd's made to Defendant IP realty LLC under the Lloyd's property coverage policy.

**B.      Litigation Matter II**

16.     A subsequent Complaint was filed in the matter of IP Realty, LLC. v. Mobility Consulting & Contracting; ABC Companies 1-5, and John Does 1-5; Docket number HUD-L-1935-16, which was filed in the New Jersey Superior Court, Hudson County (hereinafter the "Litigation Matter II").

17.     The Defendant IP Realty LLC alleges in the Complaint in Litigation Matter II, the same factual allegations asserted by Defendant Lloyd's in its Complaint in the Litigation Matter,

18.     The Defendant IP Realty LLC., further alleges in the Litigation Matter II that its damages as a result of the May 7, 2014 fire were not fully compensated by the indemnity payment made by defendant Lloyd's pursuant to property coverage policy ATCRXXXX, and Defendant IP Realty LLC demands judgment for the damages it allegedly incurred in excess of the Lloyd's payment-- an amount in excess of $323,220.

### THE INSURANCE POLICY

19.     Atain issued to Mobility Consulting & Constructing Co., Inc. and/or DBA Deerwood Homes LLC & JAC Builders, LLC., as named insured a Commercial General Liability policy of insurance bearing Policy No. CIP187616, for the policy period of February 14, 2014 through February 14, 2015.

20.     The pertinent portions of the policy provide the following:

### SECTION I – COVERAGES

### COVERAGE A: BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.     Insuring Agreement

a.     We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or property damage" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to

defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. ...

b.      This insurance applies to "bodily injury" and "property damage" only if:

(1)      The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)      The "bodily injury" or "property damage" occurs during the policy period; and

(3)      Prior to the policy period, no insured listed under Paragraph 1 of Section II – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.      "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any Insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.      "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

6

(1)     Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)     Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)     Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

"Property damage" means:

a.     Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.     Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it....

***

**2.     Exclusions**

This Insurance does not apply to:

***

j.Damage to Property

"Property damage" to:

***

(5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on

7

your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

***

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

k.      Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

l. Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a sub-contractor.

The policy mandates cooperation of any insured seeking insurance coverage and further mandates notice of certain claims and legal matters with the following language:

***

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

2.      Duties In The Event Of Occurrence, Offense, Claim Or Suit

a.      You must see to it that we are notified as soon as practicable of an "occurrence" or offense which may result in a claim.  To the extent possible, notice should include:

{01182600}

(1)  How, when and where the "occurrence" or offense took place;

(2)  The names and addresses of any injured persons and witnesses; and

(3)  The nature and location of any injury or damage arising out of the "occurrence" or offense.

Notice of an "occurrence" or offense is not notice of a claim

b.  If a claim is by any insured, you must:

(1)  Immediately record the specifics of the claim and the date received; and

(2)  Notify us as soon as practicable.

You must see to it that we receive written notice of the claim as soon as practicable.

c.  You and any other involved insured must:

(1)  Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2)  Authorize us to obtain records and other information;

(3)  Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4)  Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

{01182600}

d.      No insured will, except at that insured's own cost, voluntarily make payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

## THE TENDER OF DEFENSE AND RESPONSES OF ATAIN

**A.     The Notice of Denial and Disclaimer of Coverage Dated January 20, 2016**

21.     In response to a Notice of Claim, and demand for subrogation dated November 25, 2015, Atain conducted an insurance coverage investigation and based upon that investigation Atain issued to Defendant Mobility, a Notice of Denial and Disclaimer of Coverage, dated January 20, 2016.

22.     The January 20, 2016 Notice of Denial and Disclaimer of Coverage advised Defendant Mobility that there was no coverage for the subrogation demand because:

a.      Under Coverage A, Exclusion (2)(j)(5) ("Damage to Property"), was directly applicable.

b.      Under Coverage A, Exclusion (2)(j)(6) ("Damage to Property"), was directly applicable.

c.      Under Coverage A, Exclusion (2)(k) ("Damage to Your Product"), was directly applicable.

d.      Under Coverage A, Exclusion (2)(l) ("Damage to Your Work"), was directly applicable.

e.      Mobility failed to provide notice of the occurrence of the fire as soon as practicable, in breach of the Section IV, "Commercial General Liability Conditions," paragraph 2 ("Duties In The Event of Occurrence, Offense, Claim or Suit"), resulting in appreciable prejudice to Atain.

{01182600}

B.   **The Second Notice of Denial and Disclaimer of Coverage Dated February 26, 2016**

23.   Atain received correspondence dated February 12, 2016 from Defendant Mobility requesting reconsideration of the January 20, 2016 Notice of denial & Disclaimer of coverage. That request for reconsideration simply disagreed with Atain's coverage position and included no new information for consideration. Consequently, Atain issued a Second Notice of Denial and Disclaimer of insurance coverage dated February 26, 2016 advising that there was no insurance coverage for the subrogation demand asserted by defendant Lloyd's for the same reasons set forth in Atain's January 20, 2016 Notice of Denial and Disclaimer of Coverage.

C.   **The Third Notice of Denial and Disclaimer of Coverage Dated May 11, 2016**

24.   Atain received correspondence dated April 20, 2016 from Defendant Lloyd's which contained a proposed Complaint for Subrogation against Defendant Mobility. That submission contained no new facts and statements, but clarifies the allegations of wrongdoing asserted against Defendant Mobility. The allegations did not alter Atain's previous coverage position.

25.   Consequently, Atain issued a Third Notice of Denial and Disclaimer of insurance coverage dated May 11, 2016, advising that there was no insurance coverage for the allegations of the Complaint asserted by defendant Lloyd's for the same reasons

{01182600}

set forth in Atain's January 20, 2016, and February 26, 2016 Notices of Denial and Disclaimer.

**D.**     **Fourth Notice of Denial and Disclaimer of Coverage Dated August 8, 2016**

26.     Atain received a copy of the Complaint filed in Litigation Matter II.  The Complaint in Litigation Matter II contained no new facts and the allegations as the first Litigation Matter.

27.     Consequently, Atain issued a Fourth Notice of Denial and Disclaimer of Coverage dated August 8, 2016, advising there was no insurance coverage for the Litigation Matter II for the same reasons set forth in the three (3) prior Notices of Denial and Disclaimer of Coverage.

**FIRST CAUSE OF ACTION**

**Coverage A, Exclusion 2(j)(5) ("Damage to Property")**

28.     The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

29.     The allegations of  Litigation Matter and Litigation Matter II each assert a claim for "property damage" to the Project, 227 Clinton Ave., City of Jersey City, State of New Jersey.

30.     The allegations of property damage in the Litigation Matter and Litigation Matter II are limited to damages to that particular part of real property upon which the Defendant, Mobility, was performing operations when the property damage occurred.

12

31.     Insurance coverage for the allegations of property damage in Litigation Matter and Litigation Matter II is excluded by direct application of Exclusion 2(j)(5) ("Damage to Property") under Coverage A.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.      Atain is not obligated to defend or indemnify  Defendant Mobility, or to pay any judgment, settlement, verdict or other award  in Litigation Matter and Litigation Matter II; and

b.      Such other, different and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### Coverage A, Exclusion 2(j)(6) ("Damage to Property")

32.     The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

33.     The allegations of Litigation Matter and Litigation Matter II each assert a claim for property damage to the Project, 227 Clinton Ave., City of Jersey City, State of New Jersey.

34.     The allegations of property damage in the Litigation Matter and the Litigation Matter II are limited to damages to that particular part of real property upon which the Defendant, Mobility, was performing operations when the property damage occurred.

35.    Insurance coverage for the allegations of property damage in the Litigation Matter and the Litigation Matter II is excluded by direct application of Exclusion 2(j)(6) ("Damage to Property") under Coverage A.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.    Atain is not obligated to defend or indemnify  Defendant Mobility, or to pay any judgment, settlement, verdict or other award  in Litigation Matter and Litigation Matter II; and

b.    Such other, different and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION

### Coverage A Exclusion 2(k) ("Your Product")

36.    The plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

37.    The allegations of property damage in Litigation Matter and Litigation Matter II are limited to damages to the Defendant Mobility's product.

38.    Insurance coverage for the allegations of property damage in the Litigation Matter and the Litigation Matter II to the defendant Mobility's product is excluded by direct application of Exclusion 2(k) ("Your Product") under Coverage A.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

{01182600}

a.      Atain is not obligated to defend or indemnify  Defendant Mobility, or to pay any judgment, settlement, verdict or other award  in Litigation Matter and Litigation Matter II that seeks recovery for damage to the defendant Mobility's work product; and

b.      Such other, different and further relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION

## Coverage A, Exclusion 2(l) ("Your Work")

39.      The plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

40.      The allegations of property damage in the Litigation Matter and the Litigation Matter II are limited to damages to the Defendant Mobility's work.

41.      Insurance coverage for the allegations of property damage in the Litigation Matter and the Litigation Matter II to the defendant Mobility's work is excluded by direct operation of Exclusion 2(l) ("Your Work") under Coverage A.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.      Atain is not obligated to defend or indemnify Defendant Mobility, or to pay any judgment, settlement, verdict or other award  in Litigation Matter and Litigation Matter II that seeks recovery for damage to the defendant Mobility's work product; and

b.      Such other, different and further relief as the Court may deem just and proper.

{01182600}

## FIFTH CAUSE OF ACTION

### Violation of Section IV "Commercial General Liability Condition" Paragraph 2 ("Duties In The Event Of Occurrence, Offense, Claim or Suit") and Appreciable Prejudice to Plaintiff

42.    The plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

43.    The Defendant Mobility knew of the occurrence of the fire and damage to the Project, 227 Clinton Ave., Jersey City, New Jersey, on the date of the fire, May 7, 2014.

44.    Despite having an obligation to notify the Plaintiff, Atain, of the occurrence as soon as practicable, under that part of the policy entitled "Commercial General Liability Condition" Paragraph 2 ("Duties In The Event Of Occurrence, Offense, Claim or Suit"), the Defendant Mobility did not notify Atain for twenty (20) months.

45.    The delay in notice of the fire claim has resulted in appreciable prejudice to Atain.

46.    The delay in notice has among other things, resulted in Atain's lost ability to examine the fire scene with its own experts to evaluate the fire loss and perform a cause and origin analysis.

47.    The loss of Atain's independent cause and origin investigation has a substantial derogatory impact upon Atain's ability to defend the Litigation Matter and Litigation Matter II, and precludes Atain's ability to prove a subrogation claim against

{01182600}

other tortfeasors (including, but not limited to, the painting and plumbing subcontractors), whom upon information and belief, are responsible for causing the fire that resulted in the damage complained of in Litigation Matter and Litigation Matter II.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.     Atain is not obligated to defend or indemnify Defendant Mobility, or to pay any judgment, settlement, verdict or other award  in Litigation Matter and Litigation Matter II; and

b.     Such other, different and further relief as the Court may deem just and proper.

### SIXTH CAUSE OF ACTION

### Interested Parties

48.     The plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

49.     The defendants IP Realty, LLC and Those Certain Underwriters at Lloyds London are joined herein as defendants in order that they are bound by the Judgment of this Court as they have an interest in the presence or absence of insurance coverage for the defendants they have sued in Litigation Matter and Litigation Matter II.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.     Atain is not obligated to defend or indemnify Defendant Mobility, or to pay

{01182600}

any judgment, settlement, verdict or other award  in Litigation Matter and Litigation

Matter II; and

b.      Such other, different and further relief as the Court may deem just and

proper.


## JURY DEMAND

The plaintiff herein demands a trial by jury.


Dated: August 9, 2016                    **MORGAN MELHUISH ABRUTYN**


By: _____ */s/ Joseph DeDonato* _____

JOSEPH DeDONATO, ESQ. (JDD 7319)
651 Old Mt. Pleasant Avenue, Suite 200
Livingston, New Jersey 07039
(973) 994-2500
Attorneys for Plaintiff,
Atain Specialty Insurance Company

18

{01182600}