UNITED STATES DISTRICT COURT
District of New Jersey

MILLER, MEYERSON & CORBO  
Gerald D. Miller, Esq.  
Attorney I.D. NO.: 213451965  
35 Journal Square, Suite 1105  
Jersey City, NJ 07306  
(201)333-9000 Fax (201) 333-0918  
Our File No.: 35369  
Attorneys For Defendants  
I P Realty, LLC.

Civil Action No.: 3:16-CV-04841-FLW-TJB

Attain Specialty Insurance Company

Plaintiff,

Vs.

Mobility Consulting & Contracting, Inc.,  
I P Realty LLC. Those Certain Underwriters  
At Lloyd's London

Defendants/Third Party Plaintiffs

Vs.

Conover Beyer Associates

Third Party Defendants

**THIRD- PARTY COMPLAINT**  
**AND**  
**JURY DEMAND**

      Defendant/Third Party Plaintiffs, Mobility Consulting & Contracting Inc. (hereinafter referred to as "Mobility") and IP Realty, LLC. (hereinafter referred to as "IP Realty") by way of Third-Party Complaint state:

1

## PARTIES

1. Plaintiff, Atain Specialty Insurance Company, is incorporated in the State of Michigan with its principal place of business at 220 Kaufman Financial Center, 30833 Northwestern Highway, City of Farmington Hills, State of Michigan, and is a citizen of the State of Michigan.

2. Mobility Consulting & Contracting, Co., Inc. is a New Jersey corporation with its principal place of business located at 149 Jenna Court, Town of Lakewood, State of New Jersey, and is a citizen of New Jersey.

3. IP Realty, LLC. is a New Jersey limited liability company with its principal place of business located at 1072 Madison Avenue, Lakewood, New Jersey 08701 and is a citizen of New Jersey.

4. Those Certain Underwriters at Lloyd's London is an alien surplus lines insurer authorized to import insurance policies to the State of New Jersey through the New Jersey Surplus Lines Laws.

5. Conover Beyer Associates is a retail insurance agency licensed to do business in the State of New Jersey and has its primary New Jersey office located at 2600 Highway 35, Manasquan, New Jersey 08736.

## THE UNDERLYING LITIGATION MATTERS

6. As identified in the Complaint attached as Exhibit A and the Answers Affirmative Defenses, Counter-Claims and Jury Demand on behalf of Consulting & Contracting, Inc. (hereinafter referred to as "Mobility") and Those Certain Underwriters at Lloyd's, London, subscribing to Certificate No.: ATR/C/XXXXXX (policy identifiers redacted and i9mproperlty pleaded in the Complaint as Those Certain Underwriters at Lloyd's London) (hereinafter referred to as "Lloyd"s") as subrogee of IP Realty, LLC. (hereinafter referred to as "IP Realty) Defendant's Counterclaim and Jury

Demand on behalf of IP Realty LLC. and Answer Confirmations attached as Exhibit B, this action arises out of May 7, 2014 fire at 227 Clinton Avenue, Jersey City, New Jersey.

## FACTS

7. A fire occurred on May 7, 2014 at 227 Clinton Avenue, Jersey City, New Jersey. ("the Project")

8. At the time of the fire, the Project was owned by IP Realty, LLC.

9. At the time of the fire, Mobility was the general contractor and construction manager n connection with remodeling work taking place at the Project.

10. As set forth in the Underlying Litigations, it was alleged that Mobility was negligent in fulfilling its obligations as general contractor and construction manager which negligence resulted in the May 7, 2014 fire causing extensive damages to the Project.

11. At the time of the fire, Mobility was a Named Insured on a Commercial General Liability Policy of Insurance bearing Policy No. CIP187616 issued by Atain for the policy period February 14, 2014 to February 14, 2015. ("the Policy")

12. The Policy was procured for Mobility by Third-Party Defendant, Conover Beyer Associates.

13. Conover Beyer Associates was notified of the fire the week of May 7, 2014 by Mr. Jeff Wolf of Mobility.

14. Conover Beyer Associates did not report the fire to Atain when notified of the fire on the premises at the work site of Mr. Wolf of Mobility.

15. Atain has denied coverage to Mobility, for amongst other reasons, the alleged late reporting of the subject claim.

16. Atain has denied any obligation under the policy issued to Mobility to IP Realty and/or Certain Underwriters.

17. Mobility, IP Realty and/or Certain Underwriters have suffered damages in excess of $75,000.00 as a result of Conover Beyer's Association's failure to timely report the subject claim.

## COUNT ONE
(Professional Negligence)

18. Defendant/Third-Party Plaintiffs repeats and re-alleges each of the prior allegations of this Third-Party Complaint as if fully pleaded herein.

19. As the insurance agent for Mobility, Conover Beyer Associates was obligated to provide prompt and timely notice of any and all claims, potential claims, and incidents reported to it by Mobility to Atain.

20. To the extent the notice to Atain was late what late which results in a determination of no coverage owed, Conover Beyer Associated failed to promptly report the fire to Atain, which failure resulted in Defendants/third Party Plaintiffs damages.

21. Third-Party Defendant Conover Beyer Associates was aware of the fire on or about May 8, 2014.

22. Third-Party Defendant Conover Beyer Associates first reported the fire to Atain on or about September 30, 2014.

23. As agent for Mobility, Third-Party Defendant Conover Beyer Associates owed that duty of due care to Mobility owed by insurance agents to their customers.

24. Third-Party Defendant Conover Beyer Associates owed that duty of due care to Mobility owed by insurance agents to their customers.

4

25. Defendant/Third-Party Plaintiffs deny that Plaintiff Atain properly denied coverage but should Atain's coverage denial be enforced, Third-Party Defendant Conover Beyer Associates' breach of duty was the proximate cause of Defendant/Third-Party Plaintiffs' damages.

26. As a result of Third-Party Defendant Conover Beyer Associates' negligence, Defendants/Third-Party Plaintiffs have been damaged in a sum exceeding $75,000.00.

## COUNT TWO
(Common Law Indemnification)

27. Defendant/Third- Party Plaintiffs repeat and re-allege each of the prior allegations of this Third-Party Complaint as if fully pleaded herein.

28. Conover Beyer Associates, as retail agent of Mobility, owed that duty of due care to Mobility owed by insurance brokers/agents to their consumers.

29. Conover Beyer Associates, as retail agent of Mobility, breached its duty of care to Mobility.

30. Defendant/Third-Party Plaintiffs deny that Plaintiff Atain properly denied coverage but should Atain's coverage denial be enforced, Third-Party Defendant Conover Beyer Associates' liability is primary, active and direct and Conover Beyer is obligated to Defendants/Third-Party Plaintiffs.

## COUNT THREE
(Contribution)

31. Defendants/Third-Party Plaintiffs repeat and re-allege each of the prior allegations of this Third-Party Complaint as if fully pleaded herein.

32. Defendant/Third-Party Plaintiffs deny any and all legal liability and responsibility for the acts alleged in the Complaint.

33. If Defendants/Third-Party Plaintiffs should be found liable to Plaintiff, which liability is denied, Defendants/Third-Party Plaintiffs assert that Third-Party Defendant Conover Beyer Associates

is liable to Defendants/Third-Party Plaintiffs for contribution to the extent of its share of share of responsibility.

### COUNT FOUR
(Breach of Contract/Third-Party Beneficiary)

34. Defendants/Third-Party Plaintiffs repeat and re-alleges each of the prior allegations of this Third-Party Complaint as if fully pleaded herein.

35. Third-Party Defendant Conover Beyer Associates received notice of the fire at the Project from Mobility.

36. Third-Party Defendant Conover Beyer Associates breached its contract and obligations owed to Mobility.

37. Defendants/Third-Party Plaintiffs are third-party beneficiaries of the contract and/or obligations owed by Conover Beyer Associates to Mobility.

38. As a result of Third-Party Defendant's breach of contract, Defendants/Third-Party Plaintiffs have suffered and will continue to suffer damages in the form of costs and attorneys' fees in defending the underlying actions, this action and the indemnity coverage which should be afforded to Mobility.

**WHEREFORE,** The Defendant/Third-Party Plaintiffs demand judgment for the costs, reasonable expenses and attorneys' fees and interest incurred in defending the actions, for any and all damages, and for other equitable relief this Court deems just and fair.

### DEMAND FOR JURY

Defendants/Third-Party Plaintiffs hereby demand a trial by jury of twelve jurors as to all issues.

MILLER, MEYERSON & CORBO

BY: _____
GERALD D. MILLER, ESQ.
Attorney for Defendants/Third Party Plaintiffs

Dated: March ___, 2018